

Keith M. Lundin
U.S. Bankruptcy Judge
Dated: 09/14/11

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **315 UNION STREET HOLDINGS, LLC**, | ) | **CASE NO. 10-13106-KL-11** |
| **UNION STREET PLAZA OPERATIONS,** | ) | **CASE NO. 10-13107-KL-11** |
| **LLC** | ) | |
| | ) | Jointly Administered Cases |
| Debtors | ) | |

### AGREED INTERIM ORDER GRANTING TRUSTEE
### AUTHORITY TO USE CASH ON A LIMITED BASIS
### AND CONTINUING HEARING

This matter came before the Court on September 13, 2011, on the continued Expedited Motion for Authority for Use of Cash Collateral, Maintain and Use Existing Bank Accounts, Cash Management System, Business Forms, Pay Prepetition Compensation, Employee Reimbursements and Withholding Taxes (Doc. No. 11, the "Cash Collateral Motion") filed by Debtor 315 Union Street Holdings, LLC ("Debtor"). Subsequently, on December 16, 2010, on December 16, 2010, the Court entered an Order directing the appointment of a Chapter 11 Trustee (Doc. No. 32), and on December 17, entered an Order approving the appointment of Robert H. Waldschmidt (the "Trustee") as Chapter 11 Trustee (Doc. No. 39). The Court has further entered previous interim orders relating to cash collateral, the last one having been entered on August 18, 2011 (Doc. No. 145). As evidenced by the signatures of counsel below, the parties hereto agree to the relief afforded hereinafter.

The parties stipulate as follows:

A. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

B. Debtor's counsel represents and certifies to the Court that, pursuant to Bankruptcy Rule 4001(c)(1), notice of the hearing on the Motion has been given to: (I) the Office of the United States Trustee (the "U.S. Trustee"), (ii) counsel for HMAC, (iii) counsel for TN Nashville, LLC (assignee from BB&T); (iv) any other parties requesting such notice

(collectively, the "Notice Parties").

C.       The terms and conditions set forth herein for use of Cash, including adequate protection arrangements, are fair and reasonable under the circumstances, reflect the Trustee's exercise of prudent business judgment consistent with his fiduciary duties and are supported by reasonably equivalent value and fair consideration.

D.       On December 3, 2010, (the "Petition Date"), the Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code.

E.       HMAC 99-PH1 Union Street Office, LLC, assignee of the Bank of America, N.A., a national banking association and successor by merger to LaSalle Bank National Association, a national banking association, as Trustee for the Registered Holders of Heller Financial Commercial Mortgage Asset Corp., Commercial Mortgage Pass-Through Certificates Services 1999 PH-1 ("HMAC"), and TN Nashville, LLC (assignee from Branch Banking and Trust Company ("BB&T")) each hold an absolute assignment of rents related to the Debtor's Real Property and therefore claim an ownership interest in the Debtor's rents and revenues (the "Cash").

F.       Alternatively, HMAC and TN Nashville, LLC each claim a continuing security interest in certain cash and cash equivalents of Debtor's interest in its real and personal property pursuant to 11 U.S.C. § 552(b)(2).

G.       Debtor, HMAC, and TN Nashville, LLC agree to Trustee's use of Cash for only those expenditures which the Trustee, in the exercise of the Trustee's reasonable business judgment and after consultation with TN Nashville, LLC, has determined to be immediately necessary to maintain the Debtor's existing operations and to preserve the value of the property of the Debtor's bankruptcy estate, and agree to the entry of this Order.

H.       The parties have agreed to the Trustee's use of Cash for these immediate expenses pending the parties' negotiations regarding a comprehensive order for the Trustee's use of Cash on an ongoing basis.

I.       The parties request immediate entry of this interim Order pursuant to Bankruptcy Rule 4001.  The permission granted herein is necessary to avoid immediate and irreparable harm to the Bankruptcy Estate pending the Final Hearing (hereinafter defined).  Entry of this Order is in the best interests of the Debtor and its estate and creditors.

Accordingly, it is hereby ORDERED that:

1.       The Cash shall be segregated into one or more separate debtor-in-possession bank

accounts, as already clarified by the Court's order of December 22, 2010 authorizing use of existing bank accounts and use of hotel management systems.

3.      The Trustee may use any and all Cash for only those expenditures which the Trustee, in the exercise of the Trustee's reasonable business judgment, in accordance with the Budget attached as Exhibit A hereto. Any distributions in excess of the amount stated in the Budget shall only be permitted after consultation with TN Nashville, LLC, and with approval by TN Nashville, LLC. (All disbursements made from said Cash by the Trustee subsequent to his appointment, and with the consent of TN Nashville, LLC, but prior to the entry of this order, are hereby allowed and authorized, as if such payments had been made subsequent to the entry of this order.)

4.      The Trustee, after consultation with TN Nashville, LLC, may use Cash to pay outstanding payables of the Debtor, incurred pre-petition, if the payment of said obligations is deemed necessary or advisable for the continued operation of the Property.

5.      The Trustee may not use Cash for any payment to any insider without the express written consent of TN Nashville, LLC.

6.      From the date of the Trustee's appointment through the date of the entry of this order, and during the time period in which the Trustee is authorized to use Cash pursuant to this and any subsequent orders, TN Nashville, LLC hereby authorizes a "carve-out" of sufficient assets (in addition to the costs of operation outlined), in order to pay the following expenses (the "Carve-Out"):

a.      trustee fees of the Trustee, after approval by the Court;

b.      all attorney fees incurred by the Trustee's counsel, after approval by the Court;

c.      any agent fees incurred by the Trustee, after approval by the Court;

d.      any accountant fees incurred by the Trustee, after approval by the Court; and

e.      all U.S. Trustee Quarterly Fees.

f.      all Broker's Fees, after approval by the Court

However, if the bankruptcy estate recovers any property, through litigation or otherwise, which is not subject to the lien of TN Nashville, LLC or any other secured creditor, then those unencumbered funds shall first be used to pay the fees referenced in this paragraph.

7.      Notwithstanding anything herein to the contrary, the Carve-Out may be used by the Trustee to investigate the security interest and documents of any secured creditor, but may not be used to commence or prosecute any adversary proceedings, claims, or causes of action

against BB&T or TN Nashville, LLC, or to object or oppose any claims asserted by TN Nashville, LLC.

8.      Except as provided in this Interim Order, the parties do not waive any of their rights under the Bankruptcy Code, any applicable law, or their respective loan documents, including, without limitation, the right of the parties at any time to seek any relief (or to oppose any such relief) under the Bankruptcy Code, or the right of the Debtor, the Trustee, HMAC or TN Nashville, LLC to exercise any of their rights and remedies under the Bankruptcy Code at any time.  In particular, HMAC and TN Nashville, LLC reserve their rights to seek modification of this Interim Order.

9.      By consenting to the entry of this Order, and to the use of the Cash hereunder, the parties do not waive any claim that (a) the Debtor absolutely assigned the Cash to HMAC and/or TN Nashville, LLC; (b) that the Debtor possessed only a license to use the Cash under certain conditions; (c) that the Debtor's license to use the Cash and any other rents and revenues of the Property terminated, automatically, pre-petition pursuant to the terms of the loan documents; (d) that HMAC and/or TN Nashville, LLC have an ownership interest in the Cash; (e) that the Debtor has no right, title or interest in or to the Cash and that the Cash are not property of the Debtor's estate; and (f) any other rights or claims which HMAC and/or TN Nashville, LLC has or may have arising out of the foregoing. Likewise, by consenting to the entry of this Order, and to the use of Cash hereunder, the Debtor and/or the Trustee do not waive any claim that the Cash does or does not constitute cash collateral within the meaning of the Bankruptcy Code, or that HMAC and/or TN Nashville, LLC's interests in the Cash are those of a secured creditor and not otherwise.

10.     This Order is an interim order.  The hearing on use of Cash Collateral shall be continued to **October 4, 2011 at 9:00 a.m.**, in Courtroom 2, Customs House, U.S. Bankruptcy Court, 701 Broadway, Nashville, Tennessee 37203.

*This order was signed and entered electronically*
*as indicated at the top of the first page.*

APPROVED FOR ENTRY BY:

*/s/ Steven L. Lefkovitz*
Steven L. Lefkovitz, No. 5953
618 Church Street, Suite 410
Nashville, Tennessee 37219
(615) 256-8300  Fax: (615) 255-4516
slefkovitz@lefkovitz.com
Attorney for Debtor

*/s/Paul G. Jennings*
Paul G. Jennings
BASS, BERRY & SIMS PLC
150 Third Avenue South, Suite 2800
Nashville, TN  37201
615-742-6267
pjennings@bassberry.com

Attorneys for Branch Banking and Trust Company

*/s/ Joseph R. Prochaska*
Joseph R. Prochaska (12760)
PROCHASKA THOMPSON QUINN & FERRARO, P.C.
401 Church Street, Suite 2600
Nashville, TN 37219
(615) 242-0060 Fax:(615) 242-0124
joeprochaska@ptqflegal.com
Attorneys for HMAC 99-PH1 Union Street Office, LLC

*/s/ Robert H. Waldschmidt*
Robert H. Waldschmidt (4657)
HOWELL & FISHER PLLC
300 James Robertson Pkwy
Nashville, TN 37201-1107
615-244-3370 Fax:615-259-2179
rhwaldschmidt@aol.com
Counsel for Trustee Robert H. Waldschmidt

UNITED STATES TRUSTEE
*/s/ Lloyd E. Mueller*
Lloyd E. Mueller (BPR # 016540)
Trial Attorney
701 Broadway, Suite 318
Nashville, TN 37203
(615) 736-2254 Fax: (615) 736-2260
Lloyd.E.Mueller@usdoj.gov

# Hotel Indigo Budget

| Expense | Projected September, 2011 | Monthly Maximum Authorized against Cash Collateral | |
|---|---|---|---|
| Franchise Fees | $38,000.00 | full payment | * |
| Payroll | $130,000.00 | full payment | * |
| Parking Lease | $20,000.00 | $ 20,000.00 | |
| Other Leases | $28,000.00 | $ 32,000.00 | |
| Utilities | $30,000.00 | full payment | * |
| Mainentance | $12,000.00 | $ 24,000.00 | |
| Hotel Supplies | $14,000.00 | $ 12,000.00 | |
| Food & Beverage Purchases | $15,000.00 | $ 22,000.00 | |
| Entertainment | $4,000.00 | $ 5,000.00 | |
| Insurance | $1,000.00 | $ 3,000.00 | |
| Misc. | $10,000.00 | $ 12,000.00 | |
| Taxes | $45,000.00 | full payment | * |
| Bank Charges | $8,000.00 | full payment | * |
| Total | $ 355,000.00 | | |

* If these items exceed the Budgeted amount, the Trustee may still pay the full amount due

## 2010 Real Estate taxes were paid by BB&T at the end of February
(No funds are budgeted for 2011 Taxes)

This Order has Been electronically
signed. The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.